**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

ANGEL J. DE JESUS APONTE,             Case No. 8:12-bk-16901-CPM

        Debtor.                                 Chapter 7
_____/

## DECLARATION OF PROPOSED SPECIAL COUNSEL

I, Thomas A. Lash, Esq., declare under penalty of perjury pursuant to the provisions of 28 U.S.C., §1746 that the following statements are true and correct:

       1.      I, Thomas A. Lash, am a shareholder in the firm of Lash & Wilcox PL (collectively "Lash & Wilcox") which has its main office at 4401 W. Kennedy Blvd., Ste. 210, Tampa, Florida, 33609; I have personal knowledge of and am competent to testify to matters herein.

       2.      To the best of my knowledge, information and belief, no individual in Lash & Wilcox is related to Angel J. De Jesus Aponte ("Debtor"), its attorneys or accountants, the United States Trustee for Region 21 or any person employed by the office of the United States Trustee in this district, or any other parties in interest herein. To the best of my knowledge, information and belief, no person in Lash & Wilcox holds any interest adverse to any such party in respect to the matter for which they will be engaged.

       3.      To the best of my knowledge, Lash & Wilcox does not hold any interest adverse to the Debtor, its attorneys or accountants; the United States Trustee for Region 21 or any person employed by the Office of the United States Trustee in this District or any other parties in interest herein nor does Lash & Wilcox represent any client which holds any such adverse interest.

       4.      In preparing this declaration, I reviewed the Debtor's bankruptcy schedules and lists that have been filed in this Court. I also compared the information contained in those schedules and lists with information contained in my law firm's client and adverse party conflict check index system. I also sent out an electronic mailing to all firm attorneys and personnel requesting any information as to whether the firm is currently involved in any matter involving the Debtor. I did not receive any information confirming any such current involvement. The facts stated in this declaration as to the relationship between other lawyers in my law firm and the Debtor, the Debtor's creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee, other persons employed by in the office of the United States Trustee, and those persons and entities who are defined as not disinterested persons in section 101(14) of the Bankruptcy Code are based upon the results of our review from my firm's conflict check

index system and other communications.

5. My law firm's client and adverse party conflict check index system is comprised of records regularly maintained in the course of business of the firm, and it is the regular practice of the firm to make and maintain these records. It reflects entries that are noted in the system at the time the information becomes known by persons who regular duties include recording and maintaining this information. I am one of the persons who keeps this system up-to-date, and I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

6. My firm has never represented the Debtor.

7. My firm has received no retainer in this matter.

8. No attorney in my firm holds a direct or indirect equity interest in the Debtor [including stock, stock warrants, a partnership interest in a Debtor partnership] or has a right to acquire such an interest.

9. No attorney in my firm is or has served as an officer, director, or employee of any of the Debtor within two years before the petition filing.

10. No attorney in my firm is in control of any of the Debtor or is a relative of a general partner, director, officer or person in control of any of the Debtor.

11. No attorney in my firm is a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

12. No attorney in my firm is or has served as an officer, director, or employee of a financial advisor that has been engaged by any of the Debtor in connection with the offer, sale, or issuance of a security of any of the Debtor, within two years before the filing of the petition.

13. No attorney in my firm has represented a financial advisor of the Debtor in connection with the offer, sale, or issuance of a security of the Debtor within three years before the filing of the petition.

14. No attorney in the firm has previously represented a creditor, general partner, lessor, lessee, party to an executory contract, or person who is otherwise adverse or potentially adverse to any of the Debtor or the estate on any matter substantially related to the bankruptcy case.

15. No attorney in the firm represents an insider of the Debtor or any of the Debtors' parent, subsidiary, or other affiliate.

16. Upon information and belief, Lash & Wilcox has no connection with and

holds no interest adverse to the Debtor or their estate.

17. No attorney in the firm has been paid fees pre-petition or holds a security interest, guarantee or other assurance of compensation for services performed and to be performed in the case.

18. There is no agreement of any nature, other than the shareholder or of counsel agreement of my firm, as to the sharing of any compensation to be paid to the firm.

19. No attorney in the firm has any other connection with the Debtors or creditors except as noted above.

20. No attorney in the firm has any other connection with the United States Trustee, or any employee of that office, or any other parties in interest.

21. No attorney in the firm has any other interest, direct or indirect, that may be affected by the proposed retention, other than as may be disclosed in this declaration or the accompanying application.

22. Due to the size and diversity of its practice, Lash & Wilcox may have represented or otherwise dealt with, and may now be representing or otherwise dealing with, various persons and their attorneys and accountants, who are or may consider themselves to be creditors or parties in interest in this case. An associate attorney of the firm does have a spouse in an internal accounting capacity with an entity that is or may be a party in interest. However, such employment, representation or involvement does not relate to the Debtor or its estate.

23. Lash & Wilcox has agreed to provide assistance as special counsel to the Chapter 7 Trustee, Angela W. Esposito (the "Trustee"), and I make this declaration in support of an Order authorizing such retention and employment.

24. The nature and extent of the special counsel services which Lash & Wilcox proposes to render to the Trustee are representation in possible adversary proceedings and related matters against certain entities for consumer protection statutory and common law claims.

25. It is the intention of Lash & Wilcox to seek compensation from this Court as special counsel on the basis of a modified contingency fee, plus costs, for its services. It is also the intention of Lash & Wilcox to seek reimbursement of disbursements and expenses consistent with its regular practices with existing clients.

26. The modified contingency fee, plus costs, is structured as follows, subject to this Court's approval:

a. The Attorneys shall recover no attorneys' fees or costs unless Applicant is a prevailing party in the adversary proceedings or the adversary proceedings result in a

settlement that includes a payment to, or other tangible economic benefit for the bankruptcy estate;

      b.   The consumer protection statutes under which the Attorneys propose to bring the adversary proceedings provide for: (i) the payment of Applicant's attorneys' fees and costs by the defendant(s) if Applicant is a prevailing party; (ii) statutory damages; and (iii) actual damages;

      c.   For purposes of 6.b. above, the present hourly rate of partners Thomas A. Lash and John W. Wilcox is $415.00 per hour and of counsel George C. Bedell, III is $375.00 per hour. Associates are presently billed at hourly rates from $175.00 to $255.00 per hour and paralegals at the rate of $125.00 per hour;

      d.   Applicant has agreed to pay the Attorneys': (i) fees and cost recovered as a prevailing party in the adversary proceeding or agreed to as part of a settlement under paragraph 6,b,(i) above; and, (ii) thirty percent (30%) of Applicant's and entities actual damages plus other tangible economic benefit to the bankruptcy estate;

      e.   Applicant and the estate shall retain: (i) all Applicant's and entities statutory damages under paragraph 6,b,(ii) above; and (ii) seventy percent (70%) of Applicant's and entities actual damages plus other tangible economic benefit to the bankruptcy estate.

27.   Applications for payment of professional fees and reimbursement of actual expenses will be submitted in accordance with the relevant provisions of the United States Bankruptcy Code and the Bankruptcy Rules, as well as any applicable rules and orders of this Court. Any such payment will be subject to this Courts prior review and approval.

Dated the 24 day of April, 2013.

                                       Respectfully submitted,

                                       **LASH AND WILCOX PL**
                                     4401 W. Kennedy Blvd., Ste. 210
                                     Tampa, Florida 33609
                                     Phone: (813) 289-3200
                                     Fax: (813) 289-3250

                                     **THOMAS A. LASH, ESQ.**
                                     Florida Bar No.849944
                                     e-mail: tlash@lashandwilcox.com